FILED

NOV 0 2 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AARON DEWAYNE GOODFACE III, | CIV 05-3024 |
| | CR 03-30113 |
| Petitioner, | |
| | OPINION AND ORDER |
| -vs- | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He was charged with attempted aggravated sexual abuse, a crime for which the statutory maximum period of custody is life imprisonment. He pleaded guilty to a superseding information charging aggravated sexual contact, a crime for which the statutory maximum period of custody is 120 months. He was sentenced on September 24, 2004, to 110 months custody followed by three years supervised release. Petitioner contends that he was denied the effective assistance of counsel at sentencing, that his plea of guilty was unlawfully induced and was not made voluntarily with full knowledge of the consequences, and that his right to due process was violated by the Court's completion of the statement of reasons at a time later than his sentencing hearing. He filed a motion to amend his motion to vacate to include a claim pursuant to United States v. Booker, 125 S.Ct. 738 (2005), and a motion to proceed without the pre-payment of fees. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner's motion as it relates to sentencing issues is procedurally defaulted. Petitioner waived, as part of his plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals

under 18 U.S.C. § 3742."[1] A promise made in a plea agreement to waive appeal rights is binding upon petitioner and "is enforceable if (1) the appeal sought is within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) the enforcement of the waiver will not result in a miscarriage of justice." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003). Petitioner does not address the appeal waiver contained in his plea agreement, so there is no contention that the waiver is unenforceable. He does contend that his plea generally was not knowing and voluntary as it relates to the consequences he received. A review of the record compels the conclusion that his appeal waiver must be enforced. The waiver language in the plea agreement is clear. Petitioner testified at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. Petitioner does not contend that his waiver was made unknowingly or involuntarily. He was warned by this Court in no uncertain terms what important rights he was waiving. Accordingly, that waiver may be specifically enforced. Likewise, petitioner was warned in no uncertain terms that he was facing a maximum penalty of 120 months custody.[2] Despite his assertions to the contrary, he was warned that the danger in entering a plea is that nobody knew on that date what the criminal history score would be or what his Guidelines range would be. He was also warned that I had determined that the Sentencing Guidelines were unconstitutional and I therefore would not be bound by the Guidelines range calculated for his offense. He was warned that his only protection

---

[1] He reserved the right to appeal an upward departure from the Sentencing Guidelines. No upward departure was imposed. In fact, his Guidelines range exceeded the statutory maximum. In any event, I held that the Sentencing Guidelines were not binding (a holding later validated by the United States Supreme Court's opinion in United States v. Booker , 125 S.Ct. 738 (2005)) and did not apply. I instead imposed sentence taking into consideration the Guidelines and also taking into account the purposes of sentencing set forth in 18 U.S.C. § 3553.

[2] Petitioner contends that he actually received a sentence of 146 months, taking into account the three year term of supervised release imposed. That contention is frivolous. He received a custodial sentence of 110 months. A period of supervised release, which is mandatory, is not a custodial sentence. He was advised that he would receive a term of supervised release and that the maximum length of that term would be three years. He testified at his change of plea hearing that he understood the maximum penalties, including the penalty of supervised release.

was that he would not receive a custodial sentence in excess of the statutory maximum of 120 months. His contention that his plea was not entered knowingly or voluntarily must be rejected.

Failure to raise sentencing issues on direct appeal bars petitioner from raising the issues for the first time in a section 2255 habeas corpus proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir.1992). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Thus, if a criminal defendant fails to exercise his right to appeal, in this case because he waived that right, he has waived his right to collaterally challenge the conviction and sentence in a § 2255 civil proceeding.

Petitioner's ineffective assistance of counsel claims are that defense counsel (1) coerced him to plead guilty, (2) did not inform him his due process rights were violated when I signed the statement of reasons following the sentencing hearing, and (3) misinformed him of the consequences of pleading guilty. He testified at his change of plea hearing that he was not coerced. His due process rights were not violated by the execution of the statement of reasons. The statement of reasons forms no part of the judgment. Its use is mandated by Congress to track whether federal judges are imposing Guideline sentences, in essence, an attempt to coerce the judiciary to abandon all discretion in imposing sentence. As set forth above, petitioner was not misinformed of the consequences of pleading guilty. His ineffective assistance of counsel claims are clearly frivolous.

The Supreme Court has not made Booker retroactive to cases on collateral review. Absent a declaration of retroactivity by the Supreme Court, this Court must determine whether Booker extends the period of limitations set forth in § 2255 by applying the test explained in Teague v. Lane, 489 U.S. 288, 305-10, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Under the Supreme Court's retroactivity analysis as set forth in Teague v. Lane, federal habeas corpus petitioners may not avail themselves of new rules of criminal procedure, with two narrow exceptions. The first exception is "that a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" Teague v. Lane, 489 U.S. at 311, 109 S.Ct. 1060, 1075. That exception is not relevant in the context of Booker. The second exception is "that a new rule

should be applied retroactively if it requires the observance of 'those procedures that . . . are "implicit in the concept of ordered liberty,"'" Teague v. Lane, 489 U.S. at 311, 109 S.Ct. at 1076. The Teague court noted that "such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." Teague v. Lane, 489 U.S. at 313, 109 S.Ct. at 1077.

The second exception to non-retroactivity set forth in Teague v. Lane does not apply here. The second Teague exception

> "is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty." And, because any qualifying rule "would be so central to an accurate determination of innocence or guilt [it is] unlikely that many such components of basic due process have yet to emerge.

Beard v. Banks, 124 S.Ct. 2504, 2513 (2004). The rule announced in Booker, that facts which mandatorily result in an enhanced sentence must be either admitted to by the defendant or found by a jury beyond a reasonable doubt, does not qualify as a rule "so central to an accurate determination of innocence or guilt." Indeed, at the time of sentencing, guilt had already been established.

The Supreme Court specifically stated in Booker that its holdings apply "to all cases on direct review." Booker, 125 S.Ct. at 769. This statement is evidence that the Supreme Court does not intend for its holdings in Booker to apply retroactively to cases on collateral review.

Booker has not been found to be retroactive on collateral review to cases that were final when Booker was decided. All circuit courts considering the issue, including the Eighth Circuit, have held that Booker does not apply to criminal convictions that became final before Booker was issued and therefore cannot be raised in a § 2255 proceeding. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005), Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir.2005), Guzman v. United States, 404 F.3d 139, 143-44 (2nd Cir. 2005), Lloyd v. United States, 407 F.3d 608, 615-16 (3rd Cir. 2005), Humphress v. United States, 398 F.3d 855, 862-63 (6th Cir. 2005), McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005), United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005), and Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

It plainly appears from the face of the motion that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

IT IS ORDERED that the motion to vacate filed herein is dismissed.

Dated this 1st day of November, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)

5